UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| ELIZABETH ANN MYERS,<br><br>     Plaintiff,<br><br>v.<br><br>ASCENT MORTGAGE RESOURCE GROUP, LLC d/b/a MYRENTOOWN.COM d/b/a RTOFIND.COM,<br><br>     Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 3:16-cv-01382<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes ELIZABETH ANN MYERS ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of ASCENT MORTGAGE RESOURCE GROUP, LLC d/b/a MYRENTTOOWN.COM d/b/a RTOFIND.COM ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Illinois.

## PARTIES

4. Plaintiff is a 56 year old natural person, who at all times relevant resided at 2603 Black Lane, Collinsville, Illinois, which falls within the Southern District of Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

6. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

7. Defendant is a limited liability company with its headquarters located at 10200 East Girad Avenue, Building D Suite 202, Denver, Colorado.  Defendant offers credit repair services and real estate listings to facilitate the rental of homes to own, the purchase homes, or other purchasing goals. Defendant offers its services to consumers across the country, including in Illinois.

8. Defendant is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

9. Defendant's solicitation calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

11. In approximately October 2015, Plaintiff was looking for an apartment rental and conducted an online search.  In the course of her search, she came across rent-to-own apartments

and contacted one of the phone numbers she located on a website. *See* attached Exhibit A for a true and correct copy of an affidavit signed by Plaintiff.

12. Shortly thereafter, Plaintiff began receiving calls from Defendant to her cellular phone, (618) XXX-1288. *See* Exhibit A.

13. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the above cellular telephone ending in 1288. Plaintiff is and has always been financially responsible for the cellular phone and its services.

14. The phone number that Defendant has most often used to contact Plaintiff is (860) 333-6411, but other numbers may have been used as well. *Id.*

15. Upon information and belief, the aforementioned phone number is regularly used by Defendant to contact consumers during its solicitation activities.

16. When Plaintiff answers calls from Defendant, she is typically greeted with a pre-recorded message before a live representative comes on the line. *Id.*

17. On other calls from Defendant, Plaintiff experiences a several second pause, approximately three to five seconds in length, before a live representative comes on the line. *Id.*

18. Although Plaintiff was initially interested in Defendant's services, after speaking with one of its representatives, she notified it that that she was no longer fascinated and informed it to stop calling her. *Id.*

19. Nevertheless, Defendant has continued to call Plaintiff's cellular phone on a daily basis up until approximately November 2016. *Id.*

20. Even after initially notifying it that she did not wish to be contacted, Plaintiff has reiterated this demand to Defendant on multiple calls thereafter. *Id.*

21. Plaintiff has received no less than 70 calls from Defendant since asking it to stop calling. *Id.*

22. Many of Defendant's phone calls have come while Plaintiff was in and out of the hospital recovering from a lung disorder. *Id.*

23. Defendant's calls have added a great deal of stress to Plaintiff's life and have worsened her breathing ability and overall physical condition. *Id.*

24. Defendant's unfair harassment has put a strain on Plaintiff's family and personal life. *Id.*

25. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding her rights, resulting in fees and expenses.

26. Seeking to stop the calls from Defendant, Plaintiff has expended money purchasing and maintaining an application on her cellular phone to block its numbers. *Id.*

27. Plaintiff has suffered charges and expenses that she would not have otherwise incurred if not for Defendant's calls, including the loss of cellular phone capacity.

28. Plaintiff has suffered financial loss as a result of Defendant's conduct.

29. Plaintiff has suffered concrete harm as a result of Defendant's actions.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

30. Plaintiff repeats and realleges paragraphs 1 through 29 as though fully set forth herein.

31. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

32. Defendant used an ATDS in connection with its communications directed towards Plaintiff.  The recorded message that Plaintiff experiences during answered calls before being connected to a live representative of Defendant is instructive that an ATDS is being used.  Similarly, the several second pause that Plaintiff experiences before being connected to a live representative is also indicative of an ATDS.  Lastly, the frequency and nature of Defendant's contacts strongly suggests that a predictive dialing ATDS was being used to generate them.

33. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS after Plaintiff revoked consent.  Even if Plaintiff *may* have consented to receive solicitation calls from Defendant through means of an ATDS, such permission was explicitly rescinded by her demands to cease contact.

34. The calls placed by Defendant to Plaintiff were regarding solicitation and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

35. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).  Plaintiff has been subjected to a long and harassing solicitation campaign by Defendant.  She has consistently answered Defendant's calls and demanded that it stop contact her. Despite these efforts, Defendant has been undeterred in its illegal behavior.

WHEREFORE, Plaintiff, ELIZABETH ANN MYERS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

 b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

 c. Awarding Plaintiff costs and reasonable attorney fees;

 d. Enjoining Defendant to cease contacting Plaintiff; and

 e. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE ILLINOIS<br>CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**

36. Plaintiff restates and realleges paragraphs 1 through 35 as though fully set forth herein.

37. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

38. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when she requested that it no longer do so. Defendant ignored Plaintiff's multiple requests and continued to contact her, systematically calling her multiple times a day using different phone numbers. Placing voluminous calls using various phone numbers is a deceptive act, and willfully done with the hope that Plaintiff would be compelled to use Defendant's services. Defendant ignored Plaintiff's numerous prompts to cease its calls and continued to solicit her, even while she was in the hospital recovering from a severe illness.

39. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

40. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

41. As pled in paragraphs 21 through 29, Plaintiff has suffered actual damages as a result of Defendant's unlawful solicitation practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, ELIZABETH ANN MYERS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 21, 2016

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Admitted in the Southern District of Illinois
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com