IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELIZABETH ANN MYERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:16-CV-1382-NJR-SCW |
| | ) |
| PROFINITY, LLC, d/b/a MY RENT TO OWN, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is Plaintiff Elizabeth Myers's Motion for Default Judgment Against Profinity, LLC, d/b/a My Rent to Own. (Doc. 26). On February 15, 2017, Myers filed her First Amended Complaint alleging Profinity violated the Telephone Consumer Protection Act and Illinois Consumer Fraud and Deceptive Business Practices Act through its collection activities. (Doc. 18). The complaint alleges Profinity made impermissible phone calls to Myers's cellular phone using an Automated Telephone Dialing System without permission. (Doc. 18).

Profinity's registered agent was served through a special process server on February 22, 2017, yet Profinity failed to answer or otherwise respond to the amended complaint. (Doc. 26, ¶¶ 2, 4). On March 23, 2017 this Court granted an entry of default against Profinity. (Doc. 24). Myers now moves for entry of a default judgment.

Federal Rule of Civil Procedure 55(b)(1) provides that default judgment must be entered if the defendant fails to appear, is neither a minor nor an incompetent person,

the plaintiff's claim is for a sum certain (or a sum that can be made certain by computation), and the plaintiff supplies an affidavit showing the amount due. FED. R. CIV. P. 55(b)(1). Each of the prerequisites listed in Rule 55(b)(1) has been satisfied here. The Clerk has properly entered default under Rule 55(a). (Doc. 24). Profinity, as a limited liability company, is clearly not a person, let alone a minor or incompetent one. Myers has supplied an affidavit revealing a computation that establishes the amount due to her. (Doc. 26-1).

Accordingly, the undersigned **GRANTS** the Motion for Default Judgment (Doc. 26) and **DIRECTS** the Clerk of Court to enter judgment in favor of Plaintiff Elizabeth Myers, and against Defendant Profinity, in the amount of $29,902.50 (total as of November 6, 2017); plus interest at the rate of 2% from November 6, 2017 until the date judgment is entered. Post-judgment interest shall accrue at the legal rate pursuant to 28 U.S.C § 1961(a), shall be computed daily, and shall be compounded annually until this judgment is satisfied in full.

**IT IS SO ORDERED.**

DATED: November 6, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**